

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

**JAN 1 5 2002**

JAMES W. McCORMACK, CLERK
By:_____
                              DEP CLER

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

DR. RUTH SIMMONS HERTS                                    PLAINTIFF

v.                          No. 4:01CV510 GH

DR. GARY SMITH, Individually acting
under the color of state law and in
his official capacity as the
Superintendent of Education of the
Pulaski County Special School District,
EUGENE MANFREDINI, Individually acting
under the color of state law and in his
official capacity as the President of
the Board of Education of the Pulaski
County Special School District, PAT
O'BRIEN, Individually acting under
the color of state law and in his
official capacity as the Vice-President
of the Board of Education of the
Pulaski County Special School District,
GWENDOLYN WILLIAMS, In her official
capacity as the Secretary of the Board
of Education of the Pulaski County
Special School District, JAMES R.
BURGETT, Individually acting under the
color of state law and in his official
capacity as a Member of the Board of
Education of the Pulaski County Special
School District, RUTH WHITE TUCKER,
Individually acting under the color of
state law and in her official capacity
as a Member of the Board of Education
of the Pulaski County Special School
District, MILDRED C. TATUM, Individually
acting under the color of state law and in
her official capacity as a Member of the
Board of Education of the Pulaski County
Special School District, PAM ROBERTS,
Individually acting under the color of
state law and in her official capacity as

1



a Member of the Board of Education of the
Pulaski County Special District and the
PULASKI COUNTY SPECIAL SCHOOL DISTRICT                    **DEFENDANTS**

## FIRST AMENDED COMPLAINT

### COUNT I

1.      The jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1343(3)

and (4).  This is a legal action seeking compensatory and punitive damages and it is

also an equitable action authorized by 42 U.S.C. § 1983 seeking to secure the rights,

privileges and immunities guaranteed by the due process clause of the Fourteenth

Amendment to the Constitution of the United States and the right to free speech

guaranteed by the First Amendment to the Constitution of the United States and 42

U.S.C. § 1983.

2.      This is also a proceeding for a declaratory judgment pursuant to the

provisions of 28 U.S.C. §§ 2201 and 2202 to determine the legal rights and relations of

and between the respective parties.

3.      This is also an action for permanent injunctive relief to secure for plaintiff,

Dr. Ruth Simmons Herts, the right to practice her profession without infringement on her

right to free speech guaranteed by the due process clause of the Fourteenth

Amendment to the Constitution of the United States and by the First Amendment to the

Constitution of the United States and 42 U.S.C. § 1983.

4.      Plaintiff, Dr. Ruth Simmons Herts, is an African-American and is a citizen

and resident of Little Rock, Pulaski County, Arkansas, and a citizen of the United

States, and, at all times material herein, plaintiff, Dr. Ruth Simmons Herts, had been

employed by the Pulaski County Special School District as the Director of Desegregation/Director of Equity.

5. The Pulaski County Special School District is a political subdivision of the State of Arkansas, and its principal office and place of business is located in Little Rock, Pulaski County, Arkansas.

6. At all times material herein, Dr. Gary Smith, who is white, has been the Superintendent of Education of the Pulaski County Special School District.

7. At all times material herein, Eugene Manfredini, who is white, has been the President of the Board of Education of the Pulaski County Special School District.

8. At all times material herein, Pat O'Brien, who is white, has been the Vice-President of the Board of Education of the Pulaski County Special School District.

9. At all times material herein, Gwendolyn Williams, who is African-American, has been the Secretary of the Board of Education of the Pulaski County Special School District.

10. At all times material herein, James R. Burgett, who is white, has been a Member of the Board of Education of the Pulaski County Special School District.

11. At all times material herein, Ruth White Tucker, who is white, has been a Member of the Board of Education of the Pulaski County Special School District.

12. At all times material herein, Mildred C. Tatum, who is African-American, has been a Member of the Board of Education of the Pulaski County Special School District.

13. At all times material herein, Pam Roberts, who is white, has been a

Member of the Board of Education of the Pulaski County Special School District.

14.     On August 9, 2000, pursuant to a subpoena, the plaintiff, Dr. Ruth Simmons Herts, testified in federal district court before Judge Susan Webber Wright, and Defendant Dr. Gary Smith was present in court during the entire period of time plaintiff testified on that date.  Upon questioning by the attorney for the Joshua Intervenors, plaintiff, Dr. Ruth Simmons Herts, testified that: (1) she was aware of the efforts of the Pulaski County Special School District to place its Office of Desegregation and Office of Pupil Personnel under one superintendent, but she was not informed how that would impact on her position as the Director of Desegregation, and there was nothing in writing describing for her what her role would be in that reorganization; (2) she had never been called upon by the administration of Defendant Dr. Gary Smith to make a desegregation analysis of any activity implemented during the past year, and she never was involved in the plan for reorganizing the attendance zones of Bates and Landmark elementary schools; (3) before July 12, 2000, there was no activity regarding recruitment for the Bates and Landmark elementary schools; (4) the Pulaski County Special School District never presented her with an educational or financial justification for the proposed Bates and Landmark elementary schools modification; (5) the Pulaski County Special School District never presented her with any educational, financial or desegregation analysis of its proposal to change the Office of the Assistant Superintendent for Desegregation; (6) there had been a Bi-Racial Committee in the Pulaski County Special School District for a number of years, and the purpose of that Bi-Racial Committee was to be a sounding board to include parents from various

backgrounds in the Pulaski County Special School District to respond to any type of equity or desegregation concerns and to make recommendations, and it additionally monitored or assisted the local school equity committees relating to monitoring.  During the first part of the school year under Defendant Dr. Gary Smith, Defendant Dr. Gary Smith directed Billy Bowles, who was then the Assistant Superintendent for Desegregation of the Pulaski County Special School District, to disband the Bi-Racial Committee; she was unaware of any workshops conducted by the Pulaski County Special School District with respect to its staff being oriented to the expectations of the new Desegregation Plan, and that the Pulaski County Special School District had not developed and implemented a written plan for the new Plan 2000; (7) although she met from time to time with Defendant Dr. Gary Smith, Defendant Dr. Gary Smith never expressed to her a point of view regarding the desegregation plan and her expectations in implementing it and (8) the practice of the Office of Desegregation, under a Freedom of Information Request, had been to provide information generated by the Office of Desegregation to the Joshua and Knight Intervenors and that changed, when Billy Bowles told her that it was a new day and a new administration and the Office of Desegregation had been advised not to be in contact with the Joshua Intervenors.

When plaintiff, Dr. Ruth Simmons Herts, was testifying in federal district court on August 9, 2000, Defendant Dr. Gary Smith stared at her to intimidate her and took notes pertaining to her testimony.  This prompted the plaintiff to inform the court that her testimony was truthful, but that she feared her job was in jeopardy by her testimony.

15.    Commencing on or about August 10, 2000, to June 7, 2001, Defendant

Dr. Gary Smith, his agents and those acting in concert with him, engaged in a pattern of retaliatory conduct against the plaintiff, Dr. Ruth Simmons Herts, for testifying in federal district court on August 9, 2000, in violation of the due process clause of the Fourteenth Amendment to the Constitution of the United States and of the First Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

16.    On April 24, 2001, Defendant Dr. Gary Smith informed the plaintiff, Dr. Ruth Simmons Herts, that he was recommending to the Board of Education of the Pulaski County Special School District that her employment contract with the Pulaski County Special School District as the Director of Equity would not be renewed based on arbitrary, capricious and discriminatory reasons in retaliation for the plaintiff testifying in federal district court on August 9, 2000, in violation of the due process clause of the Fourteenth Amendment to the Constitution of the United States and of the First Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

17.    By letter dated May 21, 2001, to Defendant Eugene Manfredini, who is the President of the Board of Education of the Pulaski County Special School District, which was received on May 22, 2001, plaintiff, Dr. Ruth Simmons Herts, requested a hearing before the Board of Education of the Pulaski County Special School District pertaining to the recommendation of Defendant Dr. Gary Smith not to renew her employment contract as the Director of Equity for the Pulaski County Special School District.  Thereafter, on June 7 and 8, 2001, the Board of Education conducted a hearing on the recommendation of Defendant Dr. Gary Smith not to renew the employment contract of plaintiff, Dr. Ruth Simmons Herts, as the Director of Equity.

During that hearing, the Board of Education of the Pulaski County Special School District, among other reasons, was apprised by plaintiff, Dr. Ruth Simmons Herts, that Defendant Dr. Gary Smith's recommendation against renewing her employment contract as the Director of Equity for the Pulaski County School District violated her right of free speech guaranteed by the First Amendment to the Constitution of the United States. Based on plaintiff's, Dr. Ruth Simmons Herts', uncontradicted testimony that Defendant Gary Smith's recommendation not to renew her employment contract as Director of Equity violated her First Amendment right of free speech, with the exception of Defendant Gwendolyn Williams, who was present, and Defendant Pam Roberts, who was not present, the Board of Education of the Pulaski County Special School District arbitrarily, capriciously and discriminatorily adopted the recommendation of Defendant Dr. Gary Smith not to renew the employment contract of plaintiff, Dr. Ruth Simmons Herts, as the Director of Equity for the Pulaski County Special School District in retaliation against the plaintiff, Dr. Ruth Simmons Herts, for testifying in federal district court on August 9, 2000, without conducting an investigation into the First Amendment misconduct of Defendant Dr. Gary Smith and those acting in concert with him, in violation of the due process clause of the Fourteenth Amendment to the Constitution of the United States and of the First Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

18.    As a direct and proximate result of the wrongful acts of Defendant Dr. Gary Smith, Defendant Eugene Manfredini, Defendant Pat O'Brien, Defendant James R. Burgett, Defendant Ruth White Tucker and Defendant Mildred C. Tatum, the plaintiff,

Dr. Ruth Simmons Herts, has suffered and will continue to suffer damages in lost wages and benefits for which the aforementioned defendants are individually liable to the plaintiff, Dr. Ruth Simmons Herts, jointly and severally.

19.    As a direct and proximate result of the wrongful acts of Defendant Dr. Gary Smith, Defendant Eugene Manfredini, Defendant Pat O'Brien, Defendant James R. Burgett, Defendant Ruth White Tucker and Defendant Mildred C. Tatum, the plaintiff, Dr. Ruth Simmons Herts, has suffered and will continue to suffer injury to her professional reputation and has suffered and will continue to suffer mental anguish for which all of the aforementioned defendants are individually liable to the plaintiff, Dr. Ruth Simmons Herts, in the sum of $125,000.00, jointly and severally.

20.    Defendant Dr. Gary Smith maliciously and with callous indifference to the First Amendment rights of the plaintiff, Dr. Ruth Simmons Herts, failed to renew the employment contract of the plaintiff, Dr. Ruth Simmons Herts, for the job of Director of Equity for which he is individually liable to the plaintiff, Dr. Ruth Simmons Herts, for punitive damages in the sum of $75,000.00.

21.    Defendant Eugene Manfredini maliciously and with callous indifference to the First Amendment rights of the plaintiff, Dr. Ruth Simmons Herts, did not renew the employment contract of the plaintiff, Dr. Ruth Simmons Herts, for the job of Director of Equity, for which he is individually liable to the plaintiff, Dr. Ruth Simmons Herts, for punitive damages in the sum of $75,000.00.

22.    Defendant Pat O'Brien maliciously and with callous indifference to the First Amendment rights of the plaintiff, Dr. Ruth Simmons Herts, did not renew the

employment contract of the plaintiff, Dr. Ruth Simmons Herts, for the job of Director of Equity, for which he is individually liable to the plaintiff, Dr. Ruth Simmons Herts, for punitive damages in the sum of $75,000.00.

23.     Defendant James R. Burgett maliciously and with callous indifference to the First Amendment rights of the plaintiff, Dr. Ruth Simmons Herts, did not renew the employment contract of the plaintiff, Dr. Ruth Simmons Herts, for the job of Director of Equity, for which he is individually liable to the plaintiff, Dr. Ruth Simmons Herts, for punitive damages in the sum of $75,000.00.

24.     Defendant Ruth White Tucker maliciously and with callous indifference to the First Amendment rights of the plaintiff, Dr. Ruth Simmons Herts, did not renew the employment contract of the plaintiff, Dr. Ruth Simmons Herts, for the job of Director of Equity, for which she is individually liable to the plaintiff, Dr. Ruth Simmons Herts, for punitive damages in the sum of $75,000.00.

25.     Defendant Mildred C. Tatum maliciously and with callous indifference to the First Amendment rights of the plaintiff, Dr. Ruth Simmons Herts, did not renew the employment contract of the plaintiff, Dr. Ruth Simmons Herts, for the job of Director of Equity, for which she is individually liable to the plaintiff, Dr. Ruth Simmons Herts, for punitive damages in the sum of $75,000.00.

26.     In terms of her equitable relief, the plaintiff, Dr. Ruth Simmons Herts, has no adequate remedy at law and will suffer irreparable injury unless the relief sought in Count I of this first amended complaint is granted.

WHEREFORE, the plaintiff, Dr. Ruth Simmons Herts, urges the court:

(a)     To grant plaintiff, Dr. Ruth Simmons Herts, a declaratory judgment that the actions of Defendants Dr. Gary Smith, Eugene Manfredini, Pat O'Brien, James R. Burgett, Ruth White Tucker and Mildred C. Tatum described in this first amended complaint violated the rights of the plaintiff, Dr. Ruth Simmons Herts, guaranteed by the due process clause of the Fourteenth Amendment to the Constitution of the United States and of the First Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

(b)     To grant plaintiff, Dr. Ruth Simmons Herts, a permanent injunction prohibiting Defendants Dr. Gary Smith, Eugene Manfredini, Pat O'Brien, James R. Burgett, Ruth White Tucker and Mildred C. Tatum in their official capacities from engaging in the unconstitutional conduct described in this first amended complaint in violation of the due process clause of the Fourteenth Amendment to the Constitution of the United States and the First Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

(c)     To find and conclude Defendants Dr. Gary Smith, Eugene Manfredini, Pat O'Brien, James R. Burgett, Ruth White Tucker and Mildred C. Tatum invidiously and arbitrarily failed to renew the employment contract of the plaintiff, Dr. Ruth Simmons Herts, for the job of Director of Equity on June 8, 2001, in retaliation against the plaintiff, Dr. Ruth Simmons Herts, because she exercised her free speech right to testify in federal district court in violation of her rights guaranteed by the due process clause of the Fourteenth Amendment to the Constitution of the United States and of the First Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

(d)     To affirmatively order Defendants Dr. Gary Smith, Eugene Manfredini, Pat O'Brien, Gwendolyn Williams, James R. Burgett, Ruth White Tucker, Mildred C. Tatum and Pam Roberts in their official capacity to reinstate the plaintiff, Dr. Ruth Simmons Herts, to her job as Director of Equity and to restore all of her former rights, benefits, privileges and nonretaliatory working conditions to her.  Alternatively, in lieu of reinstatement, to affirmatively order Defendants Dr. Gary Smith, Eugene Manfredini, Pat O'Brien, James R. Burgett, Ruth White Tucker and Mildred C. Tatum individually to pay the plaintiff, Dr. Ruth Simmons Herts, six years of front pay, jointly and severally.

(e)     To affirmatively order Defendants Dr. Gary Smith, Eugene Manfredini, Pat O'Brien, James R. Burgett, Ruth White Tucker and Mildred C. Tatum individually to pay the plaintiff, Dr. Ruth Simmons Herts, damages she has sustained in lost wages and benefits, jointly and severally.

(f)     To affirmatively order Defendants Dr. Gary Smith, Eugene Manfredini, Pat O'Brien, James R. Burgett, Ruth White Tucker, Mildred C. Tatum and Pam Roberts individually and in their official capacities not to discriminate or retaliate against the plaintiff, Dr. Ruth Simmons Herts, in any manner whatsoever for filing this lawsuit and/or for engaging in any protected activity guaranteed her under the due process clause of the Fourteenth Amendment to the Constitution of the United States and of the First Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

(g)     To award plaintiff, Dr. Ruth Simmons Herts, $125,000.00 in compensatory damages against Defendants Dr. Gary Smith, Eugene Manfredini, Pat O'Brien, James R. Burgett, Ruth White Tucker and Mildred C. Tatum individually for injury to her

professional reputation and for mental anguish, jointly and severally.

(h)     To award plaintiff, Dr. Ruth Simmons Herts, punitive damages against Defendants Dr. Gary Smith, Eugene Manfredini, Pat O'Brien, James R. Burgett, Ruth White Tucker and Mildred C. Tatum separately and individually in the sum of $75,000.00 each.

(i)     To award plaintiff, Dr. Ruth Simmons Herts, her costs and a reasonable attorney's fee to be paid her attorney by Defendants Dr. Gary Smith, Eugene Manfredini, Pat O'Brien, James R. Burgett, Ruth White Tucker and Mildred C. Tatum individually, jointly and severally.

(j)     To award plaintiff, Dr. Ruth Simmons Herts, prejudgment interest.

(k)     To grant plaintiff, Dr. Ruth Simmons Herts, such other relief as the court deems legal and equitable and proper to ensure a complete remedy.


## JURY DEMAND

Plaintiff, Dr. Ruth Simmons Herts, demands a jury trial pertaining to Count I.


## COUNT II

27.     The jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1343(3) and (4).  This is a legal action seeking compensatory and punitive damages and it is also an equitable action authorized by 42 U.S.C. § 1983 seeking to secure and redress the rights, privileges and immunities guaranteed by the due process and equal protection clauses of the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. § 1983 to proscribe unfair employment practices based on race.

28.    This is also a proceeding for a declaratory judgment pursuant to the provisions of 28 U.S.C. §§ 2201 and 2202 to determine the legal rights and relations of and between the respective parties.

29.    This is also an action for permanent injunctive relief to secure for the plaintiff, Dr. Ruth Simmons Herts, the right to practice her profession without infringement on her right not to be discriminated against because of her race, African-American, and her right to seek and obtain legal redress of discrimination perpetrated against her because of her race, African-American, guaranteed by the due process and equal protection clauses of the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

30.    Paragraphs 4 through 13 in Count I are incorporated by reference.

31.    On June 8, 2001, Defendants Dr. Gary Smith, Eugene Manfredini, Pat O'Brien, James R. Burgett, Ruth White Tucker and Mildred C. Tatum failed to renew the employment contract of the plaintiff, Dr. Ruth Simmons Herts, for the job of Director of Equity because of her race, African-American, in violation of the due process and equal protection clauses of the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

32.    As a direct and proximate result of the wrongful acts of Defendants Dr. Gary Smith, Eugene Manfredini, Pat O'Brien, James R. Burgett, Ruth White Tucker and Mildred C. Tatum, the plaintiff, Dr. Ruth Simmons Herts, has suffered and will continue to suffer damages in lost wages and benefits for which all of the aforementioned defendants individually are liable to the plaintiff, Dr. Ruth Simmons Herts, jointly and

severally.

33.     As a direct and proximate result of the wrongful acts of Defendants Dr. Gary Smith, Eugene Manfredini, Pat O'Brien, James R. Burgett, Ruth White Tucker and Mildred C. Tatum, the plaintiff, Dr. Ruth Simmons Herts, has suffered and will continue to suffer injury to her professional reputation and has suffered and will continue to suffer mental anguish for which all of the aforementioned defendants are individually liable to the plaintiff, Dr. Ruth Simmons Herts, in the sum of $125,000.00, jointly and severally.

34.     Defendant Dr. Gary Smith maliciously and with callous indifference to the equal protection right guaranteed the plaintiff, Dr. Ruth Simmons Herts, by the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. § 1983 did not renew the employment contract of the plaintiff, Dr. Ruth Simmons Herts, for the Director of Equity job on June 8, 2001, for which he is individually liable to the plaintiff, Dr. Ruth Simmons Herts, for punitive damages in the sum of $75,000.00.

35.     Defendant Eugene Manfredini maliciously and with callous indifference to the equal protection right guaranteed the plaintiff, Dr. Ruth Simmons Herts, by the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. § 1983 did not renew the employment contract of the plaintiff, Dr. Ruth Simmons Herts, for the Director of Equity job on June 8, 2001, for which he is individually liable to the plaintiff, Dr. Ruth Simmons Herts, for punitive damages in the sum of $75,000.00.

36.     Defendant Pat O'Brien maliciously and with callous indifference to the equal protection right guaranteed the plaintiff, Dr. Ruth Simmons Herts, by the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. § 1983

did not renew the employment contract of the plaintiff, Dr. Ruth Simmons Herts, for the Director of Equity job on June 8, 2001, for which he is individually liable to the plaintiff, Dr. Ruth Simmons Herts, for punitive damages in the sum of $75,000.00.

37.    Defendant James R. Burgett maliciously and with callous indifference to the equal protection right guaranteed the plaintiff, Dr. Ruth Simmons Herts, by the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. § 1983 did not renew the employment contract of the plaintiff, Dr. Ruth Simmons Herts, for the Director of Equity job on June 8, 2001, for which he is individually liable to the plaintiff, Dr. Ruth Simmons Herts, for punitive damages in the sum of $75,000.00.

38.    Defendant Ruth White Tucker maliciously and with callous indifference to the equal protection right guaranteed the plaintiff, Dr. Ruth Simmons Herts, by the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. § 1983 did not renew the employment contract of the plaintiff, Dr. Ruth Simmons Herts, for the Director of Equity job on June 8, 2001, for which she is individually liable to the plaintiff, Dr. Ruth Simmons Herts, for punitive damages in the sum of $75,000.00.

39.    Defendant Mildred C. Tatum maliciously and with callous indifference to the equal protection right guaranteed the plaintiff, Dr. Ruth Simmons Herts, by the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. § 1983 did not renew the employment contract of the plaintiff, Dr. Ruth Simmons Herts, for the Director of Equity job on June 8, 2001, for which she is individually liable to the plaintiff, Dr. Ruth Simmons Herts, for punitive damages in the sum of $75,000.00.

40.    In terms of her equitable relief, plaintiff, Dr. Ruth Simmons Herts, has no

adequate remedy at law and will suffer irreparable injury unless the relief sought in Count II of this first amended complaint is granted.

WHEREFORE, plaintiff, Dr. Ruth Simmons Herts, urges the court:

(a)      To grant plaintiff, Dr. Ruth Simmons Herts, a declaratory judgment that the actions of Defendants Dr. Gary Smith, Eugene Manfredini, Pat O'Brien, James R. Burgett, Ruth White Tucker and Mildred C. Tatum described in this first amended complaint violated the rights of plaintiff, Dr. Ruth Simmons Herts, guaranteed by the due process and equal protection clauses of the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

(b)      To grant plaintiff, Dr. Ruth Simmons Herts, a permanent injunction prohibiting Defendants Dr. Gary Smith, Eugene Manfredini, Pat O'Brien, James R. Burgett, Ruth White Tucker and Mildred C. Tatum in their official capacities from engaging in the unlawful and unconstitutional conduct described in this first amended complaint in violation of the due process and equal protection clauses of the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

(c)      To find and conclude Defendants Dr. Gary Smith, Eugene Manfredini, Pat O'Brien, James R. Burgett, Ruth White Tucker and Mildred C. Tatum failed to renew the employment contract of the plaintiff, Dr. Ruth Simmons Herts, for the Director of Equity job, because of her race, African-American, in violation of her rights guaranteed by the due process and equal protection clauses of the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

(d)      To affirmatively order Defendants Dr. Gary Smith, Eugene Manfredini, Pat

O'Brien, Gwendolyn Williams, James R. Burgett, Ruth White Tucker, Mildred C. Tatum and Pam Roberts in their official capacities to reinstate the plaintiff, Dr. Ruth Simmons Herts, to her job as the Director of Equity with the Pulaski County Special School District and to restore all of her former rights, benefits, privileges and nonretaliatory and nondiscriminatory working conditions to her. Alternatively, in lieu of reinstatement, to affirmatively order Defendants Dr. Gary Smith, Eugene Manfredini, Pat O'Brien, James R. Burgett, Ruth White Tucker and Mildred C. Tatum individually to pay the plaintiff, Dr. Ruth Simmons Herts, six years of front pay, jointly and severally.

(e) To affirmatively order Defendants Dr. Gary Smith, Eugene Manfredini, Pat O'Brien, James R. Burgett, Ruth White Tucker and Mildred C. Tatum individually to pay the plaintiff, Dr. Ruth Simmons Herts, damages she has sustained in lost wages and benefits, jointly and severally.

(f) To affirmatively order Defendants Dr. Gary Smith, Eugene Manfredini, Pat O'Brien, James R. Burgett, Ruth White Tucker and Mildred C. Tatum, individually and in their official capacities, not to discriminate against the plaintiff, Dr. Ruth Simmons Herts, in any manner whatsoever because of her race, African-American, in violation of the rights guaranteed her under the due process and equal protection clauses of the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

(g) To affirmatively order Defendants Dr. Gary Smith, Eugene Manfredini, Pat O'Brien, James R. Burgett, Ruth White Tucker and Mildred C. Tatum individually and in their official capacities not to retaliate against the plaintiff, Dr. Ruth Simmons Herts, in any manner whatsoever for filing this lawsuit and/or for engaging in any protected

activity guaranteed her under the due process and equal protection clauses of the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

(h)    To award plaintiff, Dr. Ruth Simmons Herts, $125,000.00 in compensatory damages against Defendants Dr. Gary Smith, Eugene Manfredini, Pat O'Brien, James R. Burgett, Ruth White Tucker and Mildred C. Tatum individually for injury to her professional reputation and for mental anguish, jointly and severally.

(i)    To award plaintiff, Dr. Ruth Simmons Herts, punitive damages against Defendants Dr. Gary Smith, Eugene Manfredini, Pat O'Brien, James R. Burgett, Ruth White Tucker and Mildred C. Tatum separately and individually in the sum of $75,000.00 each.

(j)    To award plaintiff, Dr. Ruth Simmons Herts, her costs and a reasonable attorney's fee to be paid her attorney by Defendants Dr. Gary Smith, Eugene Manfredini, Pat O'Brien, James R. Burgett, Ruth White Tucker and Mildred C. Tatum individually, jointly and severally.

(k)    To award plaintiff, Dr. Ruth Simmons Herts, prejudgment interest.

(l)    To grant plaintiff, Dr. Ruth Simmons Herts, such other relief as the court deems legal and equitable and proper to ensure a complete remedy.

<u>JURY DEMAND</u>

Plaintiff, Dr. Ruth Simmons Herts, demands a jury trial pertaining to Count II.

<u>COUNT III</u>

41.    The jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1343(3)

and (4) and 42 U.S.C. § 2000e-5(f).  This is a legal action seeking compensatory damages and is also an equitable action  authorized by 42 U.S.C. § 2000e *et seq.* to secure protection of and to remedy deprivation of rights guaranteed by 42 U.S.C.§ 2000e-2(a)(1) and 42 U.S.C. § 2000e-5(g) providing for injunctive and other affirmative relief proscribing unfair employment practices based on race.

42.    This is also a proceeding for a declaratory judgment pursuant to the provisions of 28 U.S.C. §§ 2201 and 2202 to determine the legal rights and relations of and between the respective parties.

43(a). The plaintiff, Dr. Ruth Simmons Herts, is an African-American and is a citizen and resident of Little Rock, Pulaski County, Arkansas, and, at all times material herein, plaintiff, Dr. Ruth Simmons Herts, had been employed by the defendant, Pulaski County Special School District, as the Director of Desegregation/Director of Equity.

(b).    On October 17, 2001, plaintiff, Dr. Ruth Simmons Herts, timely filed a charge of race discrimination against defendant, Pulaski County Special School District, with the Equal Employment Opportunity Commission (EEOC).  A copy of that charge is attached to this first amended complaint as Exhibit-A and is incorporated by reference.

(c).    By letter dated December 4, 2001, from the EEOC to plaintiff, Dr. Ruth Simmons Herts, plaintiff received notice of her right-to-sue.  A copy of that right-to-sue letter is attached to this first amended complaint as Exhibit-B and is incorporated by reference.

44(a). Defendant, Pulaski County Special School District, is a political subdivision of the State of Arkansas, and its principal office and place of business is

located in Little Rock, Pulaski County, Arkansas.

(b).    At all times material herein, Dr. Gary Smith, who is white, has been the Superintendent of Education of defendant, Pulaski County Special School District.

(c).    Defendant, Pulaski County Special School District, is an employer affecting commerce within the meaning of 42 U.S.C. § 2000e(b).

45.    On June 8, 2001, defendant, Pulaski County Special School District, failed to renew the employment contract of the plaintiff, Dr. Ruth Simmons Herts, for the job of Director of Equity because of her race, African-American, in violation of 42 U.S.C. § 2000e-2(a)(1).

46.    As a direct and proximate result of the wrongful acts of defendant, Pulaski County Special School District, described in paragraph 45, plaintiff, Dr. Ruth Simmons Herts, has suffered and will continue to suffer damages in lost wages and benefits.

47.    As a direct and proximate result of the wrongful acts of defendant, Pulaski County Special School District, described in paragraph 45, plaintiff, Dr. Ruth Simmons Herts, has suffered and will continue to suffer injury to her professional reputation and has suffered and will continue to suffer mental anguish for which defendant, Pulaski County Special School District, is liable to the plaintiff, Dr. Ruth Simmons Herts, in the sum of $300,000.00.

48.    In terms of her equitable relief, plaintiff, Dr. Ruth Simmons Herts, has no adequate remedy at law and will suffer irreparable injury unless the relief sought in Count III of this first amended complaint is granted.

WHEREFORE, plaintiff, Dr. Ruth Simmons Herts, urges the court:

(a)    To grant plaintiff, Dr. Ruth Simmons Herts, a declaratory judgment that the actions of defendant, Pulaski County School District, described in this first amended complaint violated the rights of plaintiff, Dr. Ruth Simmons Herts, guaranteed by 42 U.S.C. § 2000e-2(a)(1).

(b).    To grant plaintiff, Dr. Ruth Simmons Herts, a permanent injunction prohibiting defendant, Pulaski County Special School District, its Board of Education, agents and supervisory hierarchy from engaging in the unfair employment practices described in this first amended complaint in violation of 42 U.S.C. § 2000e-2(a)(1).

(c).    To find and conclude defendant, Pulaski County Special School District, failed to renew the employment contract of the plaintiff, Dr. Ruth Simmons Herts, for the Director of Equity job, because of her race, African-American, in violation of her rights guaranteed by 42 U.S.C. § 2000e-2(a)(1).

(d).    To affirmatively order defendant, Pulaski County Special School District, its Board of Education, agents and supervisory hierarchy to eliminate the unfair employment practices, which operated to discriminate against the plaintiff, Dr. Ruth Simmons Herts, in violation of 42 U.S.C. § 2000e-2(a)(1).

(e).    To affirmatively order defendant, Pulaski County Special School District, its Board of Education, agents and supervisory hierarchy to reinstate the plaintiff, Dr. Ruth Simmons Herts, to her job as the Director of Equity with the defendant, Pulaski County Special School District, and to restore all of her former rights, benefits, privileges and nondiscriminatory working conditions to her.  Alternatively, in lieu of reinstatement, to affirmatively order defendant, Pulaski County Special School District,

its Board of Education, agents and supervisory hierarchy to pay the plaintiff, Dr. Ruth Simmons Herts, six years of frontpay.

(f).    To affirmatively order defendant, Pulaski County Special School District, its Board of Education, agents and supervisory hierarchy to pay the plaintiff, Dr. Ruth Simmons Herts, backpay.

(g).    To award plaintiff, Dr. Ruth Simmons Herts, $300,000.00 in compensatory damages against defendant, Pulaski County Special School District, for injury to her professional reputation and for mental anguish.

(h)    To award plaintiff, Dr. Ruth Simmons Herts, her costs and a reasonable attorney's fee to be paid her attorney by defendant, Pulaski County Special School District.

(i)    To award plaintiff, Dr. Ruth Simmons Herts, prejudgment interest.

(j)    To grant plaintiff, Dr. Ruth Simmons Herts, such other relief as the court deems legal and equitable and proper to ensure a complete remedy.

## JURY DEMAND

Plaintiff, Dr. Ruth Simmons Herts, demands a jury trial pertaining to Count III.

## COUNT IV

49.    The jurisdiction of this court is invoked pursuant to its supplemental jurisdiction.  28 U.S.C. § 1367 and *United Line Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130 (1966).  This is an action for a declaratory judgment and notice of appeal pursuant to the Arkansas Teacher Fair Dismissal Act, *Ark. Code Ann.* § 6-17-1501 *et*

seq. In not renewing the employment contract of the plaintiff, Dr. Ruth Simmons Herts, for the job of Director of Equity for Defendant Pulaski County Special School District, Defendant Pulaski County Special School District violated Ark. Stat. Ann. § 6-17-1503, Ark. Stat. Ann. § 6-17-1504 and Ark. Stat. Ann. § 6-17-1510(b) and (c).  Plaintiff appeals the vote by Defendant Pulaski County Special School District on June 8, 2001, not to renew her employment contract as Director of Equity for the 2001-2002 school year.

50.     Plaintiff, Dr. Simmons Herts, is a resident of Little Rock, Pulaski County, Arkansas, and Defendant Pulaski County Special School District is a school district located in Pulaski County, Arkansas, and Defendant Pulaski County Special School District is capable of suing and to be sued under Arkansas law.

51.     Defendant Pulaski County Special School District employed the plaintiff, Dr. Ruth Simmons Herts, by a written contract to be the Director of Equity for the Pulaski County Special School District for the 2000-2001 school year.

52.     By letter dated April 24, 2001, from Dr. Gary Smith, the Superintendent of Education for Defendant Pulaski County Special School District, to the plaintiff, Dr. Ruth Simmons Herts, which she received on April 24, 2001, Superintendent of Education Dr. Gary Smith notified the plaintiff, Dr. Ruth Simmons Herts, that he was recommending the nonrenewal of her employment contract as the Director of Equity for the Defendant Pulaski County Special School District based on the reasons enumerated in that April 24, 2001, letter.  A copy of Dr. Gary Smith's April 24, 2001, letter to plaintiff is attached to this first amended complaint as Exhibit-1 and is incorporated by reference.

53.    On June 8, 2001, when the plaintiff, Dr. Ruth Simmons Herts, was notified

by the Board of Education of Defendant Pulaski County Special School District that it

supported the nonrenewal of her employment contract as recommended by Dr. Gary

Smith, plaintiff was a nonprobationary teacher as defined by the Arkansas Teacher Fair

Dismissal Act, because she had been employed more than three consecutive years in

the Defendant Pulaski County Special School District as its Director of

Desegregation/Director of Equity.  *Ark. Code Ann.* § 6-17-1502.

54.    Pursuant to the Arkansas Teacher Fair Dismissal Act, plaintiff, Dr. Ruth

Simmons Herts, requested a hearing before the Board of Education of Defendant

Pulaski County Special School District in writing pertaining to the nonrenewal of her

employment contract as Director of Equity and also requested in writing that the

Defendant Pulaski County Special School District make and preserve a record of the

hearing to be conducted and furnish a transcript of that hearing to the plaintiff, Dr. Ruth

Simmons Herts, without any cost.  Copies of those letters are attached to this first

amended complaint as Exhibits-2 and 3, and are incorporated by reference.

55.    On June 7 and 8, 2001, the Board of Education of Defendant Pulaski

County Special School District conducted a public hearing pertaining to the

recommendation of Dr. Gary Smith not to renew plaintiff's, Dr. Ruth Simmons Herts',

employment contract for the position of the Director of Equity for Defendant Pulaski

County Special School District.  On June 8, 2001, at the end of that public hearing, the

Board of Education passed a motion in general supporting the recommendation of Dr.

Gary Smith to not renew plaintiff's, Dr. Ruth Simmons Herts', contract of employment as

the Director of Equity.  A copy of the Board of Education's motion and approval of Dr.

Gary Smith's recommendation for nonrenewal of the plaintiff's, Dr. Ruth Simmons

Herts', employment contract is attached to this first amended complaint as Exhibit-4 and

is incorporated by reference.  However, the Board of Education never made specific

written conclusions regarding the truth of each reason given to the plaintiff, Dr. Ruth

Simmons Herts, by Dr. Gary Smith in his April 24, 2001, letter to her informing the

plaintiff, Dr. Ruth Simmons Herts, that he was recommending that her employment

contract not be renewed.  Therefore, on this basis alone, the Board of Education's

general acceptance of the recommendation of Dr. Gary Smith not to renew plaintiff's

employment contract violated *Ark. Stat. Ann.* § 6-17-1510(c).  On this basis alone, the

decision of the Board of Education is null and void and must be vacated.

     56.     Under the provisions of the Arkansas Teacher Fair Dismissal Act, plaintiff,

Dr. Ruth Simmons Herts, is a teacher, although she was the Director of

Desegregation/Director of Equity.  *Ark. Stat. Ann.* §6-17-1502(a)(1).

     57.     Under the Arkansas Teacher Fair Dismissal Act, a nonrenewal of an

employment contract by a school district "*shall be void* unless the school district *strictly*

*complies* with all provisions of this subchapter and the school district's applicable

personnel policy." *Ark. Stat. Ann.* § 6-17-1503 (Emphasis added).

     58.     Additionally, the Arkansas Teacher Fair Dismissal Act provides:

> Whenever a superintendent or other school administrator
> charged with the supervision of a teacher believes or has
> reason to believe that a teacher is having difficulties or
> problems meeting the expectations of the district or its
> administration and the administrator believes or has reason
> to believe the problems could lead to termination or

nonrenewal of contract, the administrator *shall* bring the problems and difficulties to the attention of the teacher involved *in writing* and *shall document* the efforts which have been taken to assist the teacher to correct whatever appears to be the cause for potential termination or nonrenewal.

*Ark. Stat. Ann.* § 6-17-1504(c) (Emphasis added).

59.     The policy of the Board of Education of Defendant Pulaski County Special School District pertaining to dismissal, nonrenewal of contract, discipline and suspension provides in pertinent part:

Dismissal, Nonrenewal of Contract,
Discipline and Suspension

Tenure, nonrenewal of contract, suspension and termination procedures *will* be in accordance with the laws of Arkansas and this policy.

. . . .

5. An administrator will not be terminated or his annual contract nonrenewed for performance-related difficulties or problems unless the following procedure has been pursued:

a. The immediate supervisor of the administrator having difficulties or problems *will* bring the difficulties or problems to the administrator's attention, *in writing*, and *will* document the efforts that have been undertaken to assist the administrator in correcting the difficulties or problems.

. . . .

Board of Education Policies, Code: GCQF(C) (Emphasis added).

60.     At all times material, the immediate supervisor of plaintiff, Dr. Ruth Simmons Herts, was Karl Brown, who is the Assistant Superintendent of Equity and

Pupil Services for Defendant Pulaski County Special School District.  Before April 24,

2001, Karl Brown never brought to the attention of plaintiff, Dr. Ruth Simmons Herts,

any difficulties or problems in writing delineating to her that he was unhappy with her in

the performance of her job as Director of Equity, and Karl Brown never documented in

writing the efforts that had been undertaken to assist the plaintiff, Dr. Ruth Simmons

Herts, in correcting any alleged difficulties or problems to enable her to remediate any

such alleged deficiencies.  Because Defendant Pulaski County Special School District

violated its own policies pertaining to apprising the plaintiff, Dr. Ruth Simmons Herts, in

writing of any problems or difficulties it was having with her job performance and failed

to document in writing its efforts undertaken to assist the plaintiff, Dr. Ruth Simmons

Herts, to remediate and correct any such alleged difficulties or problems, Defendant

Pulaski County Special School District's nonrenewal of plaintiff's employment contract

for the Director of Equity job is null and void and must be vacated.  *Ark. Stat. Ann.* § 6-

17-1503.

61.    The failure of Defendant Pulaski County Special School District to bring to

the attention of plaintiff, Dr. Ruth Simmons Herts, in writing any alleged difficulties or

problems it was having with her job performance, and its failure to document any efforts

that it had undertaken to assist plaintiff, Dr. Ruth Simmons Herts, to remediate and

correct the alleged difficulties or problems also violated the Arkansas Teacher Fair

Dismissal Act.  *Ark. Stat. Ann.* § 6-17-1504.  Also, on this basis, the failure of Defendant

Pulaski County Special School District to renew the employment contract of plaintiff, Dr.

Ruth Simmons Herts, for Director of Equity is null and void and must be vacated.  *Ark.*

*Stat. Ann.* § 6-17-1503 and *Ark. Stat. Ann.* § 6-17-1504. In this circumstance, the Defendant Pulaski County Special School District failed to prepare a plan to assist the plaintiff, Dr. Ruth Simmons Herts, to remediate any alleged deficiencies.

62.   Defendant Pulaski County Special School District's failure to renew the employment contract of plaintiff, Dr. Ruth Simmons Herts, for Director of Equity was also arbitrary, capricious and discriminatory, because its failure to do so violated plaintiff's, Dr. Ruth Simmons Herts', right of free speech to testify in federal district court in violation of the First Amendment to the Constitution of the United States and was also based on her race, African-American, in violation of the equal protection clause of the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. § 1983. Also, on this basis alone, Defendant Pulaski County Special School District's failure to renew the employment contract of plaintiff, Dr. Ruth Simmons Herts, violates the Arkansas Teacher Fair Dismissal Act and must be declared null and void and vacated. *Ark. Stat. Ann.* § 6-17-1503 and *Ark. Stat. Ann.* § 6-17-1510(b).

63.   Plaintiff, Dr. Ruth Simmons Herts, urges the court to declare Defendant Pulaski County Special School District's action in not renewing her employment contract for Director of Equity null and void, because that decision failed to strictly comply with its own personnel policies and the Arkansas Teacher Fair Dismissal Act.

64.   Plaintiff, Dr. Ruth Simmons Herts, urges the court to reinstate her to her job as the Director of Equity for the Pulaski County Special School District with backpay and to restore all of her former rights, benefits, privileges and nondiscriminatory working conditions to her.

65.    Plaintiff, Dr. Ruth Simmons Herts, urges the court to award her her costs and a reasonable attorney's fee to be paid her attorney by Defendant Pulaski County Special School District pursuant to *Ark. Code Ann.* § 16-22-308.

WHEREFORE, plaintiff, Dr. Ruth Simmons Herts, urges the court to declare the actions of Defendant Pulaski County Special School District in violation of the Arkansas Teacher Fair Dismissal Act and its own personnel policy, and urges the court to declare the nonrenewal of her employment contract for Director of Equity null and void and to reinstate the plaintiff, Dr. Ruth Simmons Herts, to her job as Director of Equity for the Pulaski County Special School District with backpay and to restore all of her former rights, benefits, privileges and nonretaliatory and nondiscriminatory working conditions to her.

LAVEY AND BURNETT
P.O. BOX 2657
Little Rock, AR 72203
(501) 376-2269

By _____
John T. Lavey              66039
Attorney for Plaintiff

UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

# *Exhibits Attached to Original Document in Courts's Case File*